IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VERNELL ANDRE ELLIS,                )
                                    )
                    Petitioner,     )
                                    )
v.                                  )        Case No. 24-3126-JWL
                                    )
Warden, FCI Leavenworth,            )
                                    )
                    Respondent.     )
                                    )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the denial of certain credits against his sentence. For the reasons set forth below, the petition is **denied**.

In 2019, petitioner was convicted in the United States District Court for the Eastern District of Missouri of a drug offense in violation of 21 U.S.C. § 841, and he was sentenced to a 121-month term of imprisonment. While serving that sentence, petitioner was charged and convicted in the United States District Court for the Eastern District of Arkansas of possession of a prohibited object (in this case, a cell phone) in prison in violation of 18 U.S.C. § 1791(a)(2), a misdemeanor offense for which he was given a four-month sentence to be served consecutive to his other sentence. The Bureau of Prisons (BOP) aggregated petitioner's sentences into a single 125-month sentence for administrative purposes. Petitioner's projected release date is September 21, 2025, and he is presently imprisoned within this judicial district.

By his petition, petitioner challenges the denial of certain First Step Act (FSA) credits against his sentence. He claims an Equal Protection violation based on his argument that he (like some others) was selectively charged with the cell phone offense – the offense that disqualifies him from eligibility for FSA credits – while many others who have committed the same violation have not been prosecuted. He also challenges the BOP's aggregation of his two sentences for the purpose of its determination of his eligibility to receive FSA credits. Respondent has filed an answer to the petition, and petitioner has filed a traverse in support of the petition.[1] Accordingly, the matter is ripe for ruling.

The Court first rejects petitioner's Equal Protection claim as an impermissible challenge to his cell phone possession conviction in a different court. A challenge to an underlying conviction or sentence cannot be brought under Section 2241, but rather must be brought under 28 U.S.C. § 2255 in the court of conviction. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011).[2] Petitioner was convicted of an offense under 18 U.S.C. § 1791, and the relevant statute specifically provides that "[a] prisoner is ineligible to receive [FSA credits] if the prisoner is serving a sentence of conviction under any of certain enumerated statutes, including "Section 1791, relating to providing or possessing

---

[1] The traverse is dated November 15, 2024, and it is deemed filed as of that day. By previous order, the Court granted petitioner's motion for an extension and set a deadline of November 8, 2024, for the traverse; thus, petitioner's filing is untimely. Nevertheless, the Court in its discretion has considered the arguments made therein.

[2] Petitioner has not asserted that this is the rare case in which a Section 2255 remedy is inadequate or ineffective such that the savings clause of 28 U.S.C. § 2255(e) would allow a habeas petition. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

contraband in prison." *See* 18 U.S.C. § 3632(d)(4)(D)(xxix). Because of that conviction, the BOP determined that petitioner was ineligible to receive FSA credits.

Petitioner states in his petition and argues in his traverse that he is not challenging the validity of his conviction, but that he is instead challenging the denial of his FSA credits. Petitioner has not shown, however, that prison officials discriminated against him by treating him differently with respect to the denial of those credits. Rather, petitioner claims that some prisoners (including himself) have been indicted for possessing a cell phone in prison while others who committed that violation have not been indicted. Indeed, his support for that claim consists of a list of court opinions involving prisoners who were disciplined for having a cell phone but which do not mention indictments. Thus, on its face, petitioner's claim is an impermissible challenge to his conviction.

Petitioner appears to argue in his traverse that the BOP initiated the criminal charge against him specifically to be able to deny him FSA credits, but he has not supported that claim with anything but his own speculation. Petitioner has certainly not established an Equal Protection violation by showing that the BOP discriminated against him by denying him FSA credits while allowing other similarly-situated prisoners (i.e., prisoners with statutorily-disqualifying convictions) to receive those credits. It is undisputed that the BOP regularly aggregates sentences and denies FSA credits in this manner based on disqualifying convictions, and petitioner has not shown that the BOP violated his rights in applying that policy in his case. Accordingly, to the extent that petitioner is asserting an Equal Protection violation with respect to the BOP's denial of his FSA credits (and not with respect to his indictment), the Court denies that claim.

Second, petitioner argues that the BOP has improperly aggregated his two sentences into a single 125-month sentence in determining his eligibility for FSA credits. He further argues that he is not yet serving the four-month sentence that he received for the disqualifying offense under Section 1791, and thus that he should be deemed eligible to receive FSA credits at this time, while he is still serving the 121-month portion of his total sentence (that offense is not listed among the disqualifying offenses in the statute).

The Court rejects this argument, as it did in *Dahda v. Hudson*, 2023 WL 2815920 (D. Kan. Mar. 7, 2023) (Lungstrum, J.). In *Dahda*, the Court followed every court that had addressed the issue in upholding the BOP's interpretation of the relevant statutes, by which the BOP has determined that a prisoner serving an aggregate sentence that includes a sentence for a disqualifying offense is ineligible to receive FSA credits. *See id.* The Court stated as follows:

> In challenging that decision by the BOP, petitioner argues that he completed his sentence for the Section 924(c) offense and that he is therefore no longer ineligible under the FSA. Petitioner has cited no instance in which a court has accepted that argument that a prisoner's total sentence must be segregated by offense or by particular prison term for purposes of applying the FSA's eligibility requirements. In fact, the courts that have directly addressed this issue have rejected the argument and ruled in favor of the BOP's position.
>
> The Court agrees with the reasoning of these courts, and it therefore rejects petitioner's argument. Most importantly, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See id.* Thus, in petitioner's case, his 141-month sentence and his 30-month sentence are treated as a single, aggregate sentence of 171 months. This was the existing law in 2018, when Congress passed the FSA, and thus the FSA's eligibility requirements must be considered in light of that existing statutory scheme. *See Frommie*, 2022 WL 18399537, at *4. Moreover, Section 3584(c) states that this aggregate

4

>   treatment is for "administrative purposes," but courts have consistently held that the determination of eligibility for credits against a sentence is an administrative function of the BOP under Section 3584(c).

*See id.* at *1-2 (citations omitted). Moreover, as the Court noted in *Dahda*, this interpretation is supported by the fact that a contrary interpretation would be difficult for the BOP to apply, as the BOP would be required not only to assign an order to the offenses or sentences, but also to determine start and stop times for each partial sentence, while applying various credits at the same time. *See id.* at *2.[3]

Petitioner argues that his sentences should not be aggregated for this purpose because he received the second sentence after he was already serving the first one. Section 3584(c), however, in mandating aggregate treatment for sentences ordered to run consecutively or concurrently, does not make any exception for a case in which the sentences were not imposed at the same time. *See* 18 U.S.C. § 3584(c). To the contrary, subsection (a) of the statute makes its provisions applicable whether the sentences are imposed at the same time or whether a sentence is imposed "on a defendant who is already subject to an undischarged term of imprisonment." *See id.* § 3584(a). Thus, the language of the statute itself defeats petitioner's argument. Petitioner has not cited to any authority supporting the distinction on which he relies or supporting an alternative interpretation of the statutes. Nor has petitioner addressed *Dahda*, or any of the other opinions by which

---

[3] In *Dahda*, the Court stated that even if the applicable statutes could be considered ambiguous, the BOP's interpretation was reasonable and therefore entitled to *Chevron* deference. *See Dahda*, 2023 WL 2815920, at *2. The Court did not conclude that the statutes were in fact ambiguous in that regard, nor does it so conclude in this case. Rather, all of the considerations cited by the Court in *Dahda* and cited by the other courts support the Court's own conclusion that the BOP's interpretation is correct.

courts have unanimously upheld the BOP's interpretation, or the language of the statutes themselves. The Court therefore concludes, as it did in *Dahda*, that the BOP properly determined that petitioner was ineligible to receive FSA credits, and it therefore denies the petition in its entirety.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 18th day of November, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge